# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

SCOTT TJELMELAND,

    Plaintiff,

vs.

UNITED RENTALS, INC.,

    Defendant.

No. 10-CV-2013-LRR

**ORDER**

_____

## *I. INTRODUCTION*

The matter before the court is Defendant United Rentals, Inc.'s "Motion to Dismiss" ("Motion") (docket no. 6).

## *II. PROCEDURAL BACKGROUND*

On January 13, 2010, Plaintiff Scott Tjelmeland filed a "Petition at Law" ("Complaint") (docket no. 3) in the Iowa District Court for Linn County, case no. LACV 11462. In the Complaint, Plaintiff claims that he was "terminated [. . .] from his employment because he pursued [a] workers' compensation remed[y]" and that this termination violated "his Written Contract of Employment which incorporates the public policy of the State of Iowa against [the] termination of workers for pursuing their rights under [the] Iowa Workers' Compensation [Act]." Complaint at ¶¶ 6 & 7. On February 17, 2010, Defendant removed the case to this court pursuant to 28 U.S.C. § 1441.

On February 24, 2010, Defendant filed the Motion. On March 15, 2010, Plaintiff filed a Resistance (docket no. 8). That same date, Plaintiff filed a "Motion for Leave to Amend Complaint" ("Motion to Amend") (docket no. 7). In the Motion to Amend, Plaintiff asked the court for permission to amend the Complaint "to add a Count alleging violation of an oral employment contract and violation of public policy of the State of Iowa." Motion to Amend at 1. On March 22, 2010, the court denied the Motion to

Amend without prejudice due to Plaintiff's failure to comply with Local Rules 15 and 17. Order (docket no. 9).

## III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, "no matter how skeptical the court may be." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1959 (2009). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter [. . .] to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. at ___, 129 S. Ct. at 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). Stated differently, "a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level[.]'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555); *see also Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (8th Cir. 2007) (examining federal pleading standards). Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, ___ U.S. at ___, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2) of the Federal Rules of Civil Procedure]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, ___ U.S. at ___, 129 S. Ct. at 1949 (quoting *Bell Atl.*, 550 U.S. at 555). And, "[w]here the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton*

*v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Vila v. Inter-Am. Inv. Corp.*, 570 F.3d 274, 285 (D.C. Cir. 2009)).

## IV. FACTS

Accepting all factual allegations in the Complaint as true and drawing all reasonable inferences in favor of the nonmoving party, the facts are:

### A. Parties

Plaintiff is a resident of Iowa. Defendant is a Delaware corporation. Plaintiff worked for Defendant as a branch manager at one of Defendant's offices in Iowa.

### B. Employment Agreement

On September 1, 1999, the parties entered into an Employment Agreement (docket no. 3, Ex. A). The Employment Agreement stated: "The employment of [Plaintiff] shall commence on the date hereof and shall continue for a period of two years from the date hereof or until terminated prior to expiration of such term when and as provided in Section 6." Employment Agreement at ¶ 3. Section 6 provided that Defendant could terminate Plaintiffs's employment "For Cause" or "Without Cause." *Id.* at ¶¶ 6.1 & 6.2. The Employment Agreement is "governed by and construed and interpreted in accordance with the laws of the State of South Dakota." *Id.* at ¶ 12.

### C. Plaintiff's Injury

On October 25, 2004, Plaintiff sustained a back injury while delivering tables to a customer for Defendant. On or about that same date, Plaintiff reported his injury to Defendant and pursued a workers' compensation claim. On March 20, 2005, Defendant terminated Plaintiff's employment because he had pursued relief under the Iowa Workers' Compensation Act.

## V. ANALYSIS

Defendant asks the court to dismiss the Complaint in its entirety because the Employment Agreement "did not exist as of the date of the alleged wrongful conduct[.]" Brief in Support of Motion (docket no. 6-1), at 1. Defendant's argument assumes that a breach of the Employment Agreement is the only claim alleged in the Complaint. However, because the Complaint is far from artfully pled, it is not immediately clear whether breach of the Employment Agreement is the only claim alleged in the Complaint. Plaintiff argues that, in addition to a claim for breach of the Employment Agreement, he has alleged a claim against Defendant for firing him in retaliation for exercising his rights under the Iowa Workers' Compensation Act. The court begins its analysis with a construction of the Complaint to determine whether Plaintiff alleged any claim other than breach of the Employment Agreement. Then, the court examines whether Plaintiff has failed to state a claim for breach of the Employment Agreement.

### A. Other Claims Pled in the Complaint

The Complaint alleges, in relevant part:

> On or about March 20, 2005[,] Defendant terminated Plaintiff from his employment because he pursued workers' compensation remedies as allowed by Iowa law.
>
> Plaintiff's termination was in violation of his [Employment Agreement] which incorporates the public policy of the State of Iowa against termination of workers for pursuing their rights under [t]he Iowa Workers' Compensation Law.
>
> * * *
>
> [. . .] Defendant's conduct in [its] wrongful termination and retaliatory discharge of Plaintiff's employment with Defendant was in reckless and wanton disregard of his rights under Iowa law, and entitles [. . .] Plaintiff to an award of punitive damages[.]

4

Complaint at ¶¶ 6, 7 & 9.

Clearly, the Complaint states a claim for breach of the Employment Agreement. However, when read as a whole, the Complaint also alleges a retaliatory discharge claim based on Plaintiff's rights under the Iowa Workers' Compensation Act. Iowa's "highest court has recognized a cause of action for retaliatory discharge based on the filing of a workers' compensation claim." *Brown v. Des Moines Indep. Cmty Sch. Dist.*, No. 03-0571, 2004 WL 433853, *5 (Iowa Ct. App. March 10, 2004) (citing *Springer v. Weeks & Leo Co., Inc.*, 429 N.W.2d 558, 562 (Iowa 1988)); *see also Smith v. Smithway Motor Xpress, Inc.*, 464 N.W.2d 682, 685 (Iowa 1990) ("[R]etaliatory discharge violates public policy even if the employer does not interfere with the discharged employee's benefits."); *DeLeon v. Iowa Select Farms, Inc.*, No. 04-1332, 2005 WL 1225440, *3 (Iowa Ct. App. May 25, 2005) (stating that, in order to prove retaliatory discharge claim arising from a workers' compensation claim, the employee must demonstrate that filing the claim was "the determinative factor" in the employer's decision to terminate employment).

It is unclear whether Plaintiff believes that his retaliatory discharge claim arises pursuant to or independent of the Employment Agreement. In any event, the court finds that the Complaint states a claim for retaliatory discharge under Iowa law, because it alleges facts that, if true, would show that Defendant terminated Plaintiff's employment because Plaintiff filed a workers' compensation claim. The fact that Plaintiff may have pled his case under the wrong legal theory does not warrant a dismissal under Rule 12(b)(6). *See, e.g.*, *Bonner v. Circuit Court of the City of St. Louis, Mo.*, 526 F.2d 1331, 1334 (8th Cir. 1975) (stating that a "complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory"); *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) ("failure to specifically identify the provision permitting recovery is not fatal"). Because

Defendant has only sought to dismiss Plaintiff's claims arising exclusively from the Employment Agreement, the court shall not consider the dismissal of the retaliatory discharge claim alleged in the Complaint.

### B. Breach of Contract

Next, the court turns to consider the merits of the Motion. That is, the court considers whether Plaintiff has stated a claim for breach of the Employment Agreement.

> "In a breach-of-contract claim, the complaining party must prove: (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach."

*Willie v. AG Vantage F.S., Inc.*, No. 04-1548, 2005 WL 1253974, at *2 (Iowa Ct. App. May 25, 2005) (quoting *Molo Oil v. River City Ford Truck Sales*, 578 N.W.2d 222, 224 (Iowa 1998)).

According to its terms, the Employment Agreement terminated two years after its execution; that is, the Employment Agreement terminated on September 1, 2001. Although Plaintiff's employment continued after that date, it was not governed by the Employment Agreement. Accordingly, Plaintiff cannot satisfy the first element of his breach of contract claim: the existence of a contract. For that reason, Plaintiff's Complaint fails to state a claim for breach of contract, and the court shall dismiss that claim.

Plaintiff argues that, "even if the terms of the [Employment Agreement] expired prior to [Plaintiff's] termination," his "employment had continued on the same terms and conditions" as set forth in the Employment Agreement. Resistance at 1. Whether this is true is beside the point, because Plaintiff does not allege any factual basis for this conclusion in the Complaint. "[A] complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level[.]'" *Parkhurst*, 569 F.3d at 865 (quoting

*Bell Atl.*, 550 U.S. at 555).

Plaintiff's breach of contract claim fails for another reason. Plaintiff alleges that the Employment Agreement incorporates Iowa's public policy against terminating employees for pursuing remedies under Iowa's Workers' Compensation Act. However, the Employment Agreement expressly states that it is governed by the law of South Dakota. Therefore, even if the Employment Agreement had been in effect at the time of Plaintiff's alleged injury, no cause of action would have arisen under Iowa law for breach of contract.

## IV. CONCLUSION

In light of the foregoing, the Motion (docket no. 6) is **GRANTED IN PART** to the extent it seeks dismissal of Plaintiff's breach of contract claim and **DENIED IN PART** to the extent it seeks dismissal of Plaintiff's retaliatory discharge claim.

**IT IS SO ORDERED.**

**DATED** this 1st day of April, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA